UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANNON HARROLD,

      Petitioner,

v.                                 Case No. 8:06-cv-1589-T-24EAJ

SECRETARY DEPARTMENT OF CORRECTIONS,

      Respondent.

_____/

## ORDER

    This cause is before the Court on Petitioner Shannon Harrold's 28 U.S.C. § 2254

petition for writ of habeas corpus.  Harrold challenges his conviction and sentence entered

by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.   A

review of the record demonstrates that, for the following reasons, Harrold is not entitled to

federal habeas corpus relief.

PROCEDURAL HISTORY

    On September 23, 2003, the State Attorney filed a three-count Felony Information

charging Harrold with one count each of Dealing in Stolen Property, False Information on

Pawnbroker Form, and Grand Theft. (Exh 12: R 8-12).[1] Harrold filed a written waiver of jury

trial, and the case proceeded to a bench trial. (Exh 12: R 27-73).

---

[1] Respondent filed the one-volume record on direct appeal as Respondent's Exhibit 12. All references to the record, including the trial transcript, are designated "R," followed by the page number located in lower right hand corner of the page.

The state trial court found Harrold guilty of the first two counts, but merged the grand theft count with the false information on pawnbroker form count and dismissed the third count. (Exh 12: R 68, 80). On October 11, 2004, the state trial court sentenced Harrold to 60 months incarceration on each count,[2] to run concurrently.[3] (Exh 12: R 79-87, 98).

Harrold pursued a direct appeal. His appellate counsel filed an *Anders*[4] brief, stating that he could find no meritorious argument to support the contention that the state trial court committed significant reversible error in this case. (Exhibit 1). Appellate counsel directed the state district court of appeal's attention to two potential issues for review: (1) Whether the evidence was sufficient to support the convictions; (2) Whether the sentences were lawful.

After being invited to do so by the state district court of appeal, Harrold filed a pro se initial brief, in which he presented a due process argument based on his allegation that the arresting officer testified falsely. (Exhibit 2). The State filed an answer brief addressing the pro se issue. (Exhibit 3). On October 12, 2005, in Case No. 2D04-5099, the state district court of appeal per curiam affirmed Harrold's conviction and sentence. (Exhibit 4). *Harrold v. State*, 912 So. 2d 1226 (Fla. 2d DCA 2005)[Table]. The mandate issued on November 2, 2005. (Exhibit 5). Harrold filed a motion for clarification which was denied by the state district court of appeal on December 13, 2005. (Exhibit 6).

---

[2] The sentence on the dealing in stolen property count was 13.3 years. The state trial court suspended the sentence after 60 months, with the balance to be served on probation. This downward departure sentence was based on Harrold's health problems--he is HIV positive. (Exh 12: R 92-93, 98).

[3] The Florida Department of Corrections website indicates Harrold is also serving several fifteen-year sentences for convictions entered in Volusia County.

[4] *Anders v. California*, 386 U.S. 738 (1967).

On November 5, 2004, Harrold filed a pro se motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 7). Harrold raised four allegations of ineffective assistance of trial counsel and a fifth allegation of prosecutorial misconduct and state trial court error.

On January 4, 2006, the state trial court summarily denied all Rule 3.850 claims. (Exhibit 8). Harrold appealed the adverse ruling in a pro se initial brief challenging the denial of relief on all five claims. (Exhibit 9). Because of the summary nature of the proceeding, the State did not file an answer brief. On June 23, 2006, in Case No. 2D06-756, the state district court of appeal per curiam affirmed the summary denial of relief. (Exhibit 10). *Harrold v. State*, 933 So. 2d 529 (Fla. 2d DCA 2006)[Table]. The mandate issued on July 14, 2006. (Exhibit 11).

## THE PRESENT PETITION

Harrold signed his timely-filed section 2254 petition on August 24, 2006. The petition raises four of the five claims Harrold raised in his Rule 3.850 motion for postconviction relief.[5]

## STANDARDS OF REVIEW

### AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by

---

[5] In his Memorandum of Law (Doc. No. 4), Harrold concedes that the state trial court and state district court of appeal were correct in denying relief on his claim that trial counsel was ineffective for failing to file a motion for judgment of acquittal or motion for new trial at the close of Harrold's trial and he does not raise this ground in his federal petition. (See Memorandum of Law at p. 9).

clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

DISCUSSION

Ground One

Harrold alleges that his attorney was ineffective for failing to conduct a pretrial investigation of the State's only witness, Detective J. Acaba. Had counsel done so, Harrold asserts, counsel would have learned of the detective's false statements and fabrication of the evidence and could have presented "such evidence" to the court during the bench trial. The state trial court addressed this ground in the order denying the motion for postconviction relief as follows:

- 4 -

> The detective is not a defendant, and Defendant's argument that counsel should have learned about the detective's "prior bad acts" has no basis in law. The detective testified to certain facts, and Defendant testified differently as to the facts, specifically, whether Defendant made a post-arrest statement that he thought the bike was worth $1,000 and that it was probably stolen and whether Defendant gave information about a friend Rob to the detective to confirm Defendant's statement. (See 6 July 2004 transcript, pages 6 and 17, and 32-33, attached). The Court found the credibility of the detective more persuasive. Even had counsel attempted to introduce evidence as to the detective's personnel file, the Court would have ruled it inadmissible for purposes of impeachment. Defendant fails to show deficient performance or prejudice. Defendant is not entitled to relief on ground 1.

(Order Denying Motion for Post Conviction Relief [Exhibit 8] at page 2.)  The rejection of the claim in Ground One is objectively reasonable and entitled to deference under the AEDPA standard.

Ground One does not warrant federal habeas corpus relief.

### Ground Two

Harrold claims his trial counsel was ineffective for failing to present as evidence an internal affairs file about a false statement of Detective J. Acaba in a different case. The state trial court judge properly denied this claim because the court file in the unrelated case would have been inadmissible in Harrold's trial. The state trial court's denial of Ground Two is objectively reasonable and is entitled to deference under the AEDPA standard of review.

Ground Two does not warrant federal habeas corpus relief.

### Ground Three

Harrold faults counsel for failing to file any pre-trial motions challenging the State's witnesses and evidence, primarily the statements made by Harrold to Detective Acaba. The state trial court properly found that trial counsel's performance was not deficient in this

regard because there was no basis for suppressing Harrold's statements. The state trial court's order denying relief reads:

> In ground 3, Defendant claims counsel was ineffective for failing to file any pretrial motions, in particular a motion to suppress statements made by Defendant. (See motion, pages 9-10, attached). There was no legal basis on which to file a motion to suppress. In his testimony, Defendant did not dispute that he received proper *Miranda* warnings and thereafter made voluntary statements to the detective. Counsel cannot be faulted for not filing a meritless motion. *See Teffeteller v. Dugger*, 734 So. 2d 1009 (Fla. 1999), *reh'g denied*, (June 17, 1999).

(Order Denying Motion for Post Conviction Relief [Exhibit 8] at page 3.)

Ground Three does not warrant federal habeas corpus relief.

Ground Four

Harrold alleges prosecutorial misconduct and vindictive sentencing. (Ground Four in his federal petition was Ground Five in his state Rule 3.850 motion for postconviction relief.) The state trial court made the following findings of fact and conclusions of law in its order denying relief:

> In ground 5 [of his Rule 3.850 motion for postconviction relief] Defendant raises two (2) subclaims. He first claims prosecutorial misconduct because the State used the detective's known perjured testimony and failed to provide information about the detective's past bad acts to Defendant's counsel. He claims the State used a "questionable" unsigned statement purported to be defendant's at trial. (See motion, pages 13-14, attached.)
>
> The state introduced the pawn ticket which Defendant admitted he signed. (See 6 July 2004 transcript, pages 10-11, attached.) Counsel inquired of the detective if Defendant had signed a written statement and the detective replied that Defendant had not. (See 6 July 2004 transcript, pages 16-17, attached.) The unsigned written statement was not introduced into evidence. (See 6 July 2004 transcript, pages 3-46, attached.) Further, prosecutorial misconduct claims should be raised on direct appeal. Defendant is not entitled to relief on ground 5 due to prosecutorial misconduct.

(Order Denying Motion for Post Conviction Relief [Exhibit 8] at pages 4-5.)  The state trial court reasonably rejected Harrold's first subclaim.

The state court also reasonably rejected Harrold's second subclaim regarding vindictive sentencing, stating:

> Defendant next claims he received a vindictive sentence after he rejected the State's plea offer. (See motion, pages 14-15, attached.) Defendant contends he is entitled to a new trial with a different judge and prosecutor because he was punished for exercising his right to a trial. He cites *North Carolina v. Pearce*, 395 U.S. 711 (1969), and *Blackledge v. Perry*, 417 U.S. 21 (1974). Nothing in the transcript of Defendant's trial or at sentencing indicates that the Court knew anything about an offer made by the State which Defendant rejected. The Court deferred sentencing so that counsel could confer with Defendant. At sentencing on 11 October 2004, the Court imposed a downward departure sentence. (See Criminal Punishment Code scoresheet, page 2, attached.) Defendant is not entitled to relief on ground 5 due to judicial vindictiveness in sentencing.

(Order Denying Motion for Postconviction Relief [Exhibit 8] at pages 5-6).

Ground Four does not warrant federal habeas corpus relief.

The state trial court's rejection of Harrold's arguments in the four grounds Harrold raises in the present federal petition was neither contrary to, nor an unreasonable application of, Supreme Court precedent.

Accordingly, the Court orders:

That Harrold's petition for writ of habeas corpus (Doc. No. 1) is denied.  The Clerk is directed to enter judgment against Harrold and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on January 30, 2008.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Pro se:  Shannon Harrold